IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DONALD A. GAMMON, II, | ) | Case No. 3:16CV2155 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| CHARLOTTE JENKINS, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | OF MAGISTRATE JUDGE |

This matter is before the undersigned on a motion to dismiss filed by Respondent Charlotte Jenkins ("Respondent") on January 17, 2017.[1]  ECF Dkt. #5.  Petitioner Donald A. Gammon, II ("Petitioner"), acting *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254 on August 22, 2016.[2]  ECF Dkt. #1.  In the motion to dismiss, Respondent asserts that Petitioner's habeas petition is barred by the statute of limitations and that all of his claims are subject to procedural default.  ECF Dkt. #5 at 6-16.  Petitioner filed a response to Respondent's motion to dismiss in the form of a "Traverse to Respondent's Motion to Dismiss." ECF Dkt. #6.

For the following reasons, the undersigned RECOMMENDS that the Court find that Petitioner's habeas petition is barred by the applicable statute of limitations, GRANT Respondent's motion to dismiss (ECF Dkt. #5), and DISMISS Petitioner's federal habeas

---

[1]Respondent is Warden of Chillicothe Correctional Institution.  Chillicothe Correctional Institution, Ohio Department of Rehabilitation & Correction, http://www.drc.ohio.gov/cci (last visited June 13, 2017).

[2]The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

petition (ECF Dkt. #1) in its entirety with prejudice.

I.    **PROCEDURAL HISTORY**

    A.    **State Trial Court**

Petitioner was charged with seven counts of sexual battery, in violation of Ohio Revised Code ("R.C.") § 2907.03(A)(5), and one count of disseminating matter harmful to juveniles, in violation of R.C. § 2907.31(A)(1).  ECF Dkt. #5-1 at 4-11.  Petitioner waived indictment and the trial court accepted the waiver.  *Id.* at 12-15.  Petitioner entered a written guilty plea to all charges, which indicated that the sentencing recommendations were not binding on the trial court.  *Id.* at 16-20.  The joint sentencing recommendations were two years for each count of sexual battery and twelve months for the disseminating matter harmful to juveniles count, to be served consecutively, and Petitioner stipulated that he would be classified as a Tier III sex offender.  *Id.* at 17, 19.

On March 29, 2012, the trial court found that Petitioner was advised of all his constitutional rights, understood his rights, and knowingly, intelligently, and voluntarily waived those rights.  ECF Dkt. #5-1 at 26.  Specifically, the trial court advised Petitioner of his rights to appeal, to have the appeal paid for by the court if he could not afford the appeal, and to an attorney represent him during the appeal.  *Id.* at 28.  Petitioner executed a waiver of his rights, which explained his rights and included a recitation of the maximum penalties for each offense.  *Id.* at 21-25.  Accordingly, the trial court accepted Petitioner's plea of guilty to all counts.  *Id.* at 16.  On April 2, 2012, Petitioner was sentenced to two years and a $50.00 fine on each count of sexual battery, and twelve months and a $50.00 fine for the disseminating matter harmful to juveniles count.  *Id.* at 29-40.  Petitioner's sentence for all counts was ordered to be served

consecutively, for an aggregate sentence of fifteen years and $400.00 in fines.  *Id.*  Petitioner did not file a timely appeal.

**B.**    **Motion for Judicial Release**

On June 20, 2014, Petitioner moved for judicial release.  ECF Dkt. #5-1 at 41.  The State opposed the motion, indicating that Petitioner was not eligible for judicial release.  *Id.* at 43.  The trial court denied Petitioner's motion for judicial release on July 18, 2014.  *Id.* at 45.

**C.**    **Motion to Correct Sentence**

On September 30, 2015, Petitioner filed a motion to correct his sentence alleging that it was statutorily deficient and that he should have received concurrent sentences as a first-time offender.  ECF Dkt. #5-1 at 46-50.  The State opposed the motion.  *Id.* at 51.  On October 27, 2015, the trial court found that Petitioner, while represented by competent legal counsel, and the State entered a joint recommendation as to his sentence, and Petitioner's actual sentence was exactly what had been jointly recommended - including the joint recommendation that the sentences for each of the eight counts be served consecutively.  *Id.* at 60.  Accordingly, the trial court found that, based on R.C. § 2953.08(D), Petitioner's sentence was "not subject to review." *Id.* at 60-61.

**D.**    **Notice of Appeal**

On November 2, 2015, Petitioner filed a notice of appeal in the Third District Court of Appeals.  ECF Dkt. #5-1 at 62.  In his brief, Petitioner asserted the following assignments of error:

1.    The lower court committed prejudicial error in ignoring the mandates of R.C. § 2941.25.

2.    The lower court committed prejudicial error in ignoring the mandates of

R.C. § 2929.14(C)(4).

    3.      [Petitioner] was denied effective assistance of counsel as guaranteed by the Sixth Amendment.

*Id.* at 68. The State filed a brief in response. *Id.* at 79. On March 14, 2016, the Third District Court of Appeals affirmed the judgment of the trial court and found that each of Petitioner's assignments of error was barred by *res judicata* as each could have been raised on direct appeal. *Id.* at 109-16.

On April 19, 2016, Petitioner filed an appeal in the Supreme Court of Ohio raising the following propositions of law:

    I.      The court committed prejudicial error in denying [Petitioner] the protections of the Double Jeopardy Clause.

    II.     The trial court committed prejudicial error in denying the mandates of R.C. § 2929.14.

    III.    The trial court committed prejudicial error in ignoring the mandates of R.C. § 2929.18, R.C. § 2929.19, and R.C. § 2947.23.

    IV.    Appellant was denied effective assistance of counsel.

ECF Dkt. #5-1 at 127. The Supreme Court of Ohio declined jurisdiction pursuant to S.Ct.Prac.R. 7.08(B)(4) on July 27, 2016. *Id.* at 147.

    **E.**      **Motion to Vacate Costs, Fines, and Fees**

On November 4, 2015, Petitioner moved the trial court to vacate all court costs, fines, and fees, and return $1,217.50 to Petitioner. ECF Dkt. #5-1 at 148-49. On March 31, 2016, the trial court denied the motion. *Id.* at 150.

**II.**     **FEDERAL HABEAS CORPUS PETITION**

Petitioner, acting *pro se*, filed a federal habeas corpus petition pursuant to 28 U.S.C. §

2254 on August 22, 2016.  ECF Dkt. #1.  In his habeas petition, Petitioner asserts the following

grounds for relief:

GROUND ONE:   Double Jeopardy

Supporting Facts:   Despite the lower court(s) clear duty to address and resolve the protections of the Double Jeopardy Clause of the Constitution and as mandated by the legislature, the court(s) ignored this strict compliance and sentenced Petitioner to multiple counts of the same and same related offenses based on the same conduct.  Moreover, the counts were ambiguous of specificity and thus arbitrary and capricious.

GROUND TWO:   Due Process and Equal Protection

Supporting Facts:   Despite the lower court(s) clear duty to the Constitution and the mandates of the legislature , the court(s) failed to comply with the truth-in sentencing provision for "first-time" offenders.  The court(s) failed to make the statutory findings prior to imposing consecutive sentencing.  The court(s) likewise failed to conduct the requisite hearing before imposing court costs, including mandatory provision of community service.

GROUND THREE:   Ineffective Assistance of Counsel

Supporting Facts:   Notwithstanding counsel's knowledge of the alleged victim's refusal to testify or the family to press charges, counsel induced Petitioner to accept a tainted plea that does not comply with Ohio law.  Moreover, counsel, by carelessness or by design, ignored rudimentary sentencing statutes that mitigated the sentence imposed.  More disturbing, counsel advised Petitioner he had no right to appeal. [sic]

*Id.* at 5-8.

## III.   **PROCEDURAL BARRIERS TO REVIEW**

A petitioner must overcome several procedural barriers before a court will review the

merits of a petition for a writ of federal habeas corpus.  As Justice O'Connor noted in *Daniels v.*

*United States*, "[p]rocedural barriers, such as statutes of limitations and rules concerning

5

procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run from the latest of:

    A.   The date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

    B.   The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;

    C.   The date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D.   The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### B.   Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal

6

court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688–89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031–32 (6th Cir. 2009).  The Supreme Court has held that "the petitioner has the burden ... of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist."  *Darr v. Burford*, 339 U.S. 200, 218–19 (1950), overruled in part on other grounds, *Fay v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C.     **Procedural Default**

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman*, 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment."  *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary.  *Coleman*, 501 U.S. at 735.

8

Applying this presumption, the Sixth Circuit established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule.  *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991).  Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims.  *Coleman*, 501 U.S. at 729–30; *Richey v. Mitchell*, 395 F.3d 660 at 678 (2005) (holding that "a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (holding that if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (holding that even if the issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises).  Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision.  *Munson v. Kapture*, 384 F.3d at 313–14. Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman,* 501 U.S. at 751.  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation.  *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985).  If a petitioner fails to show cause for his procedural default, the reviewing

9

court need not address the issue of prejudice.  *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel*, 301 F. Supp. 2d 698, 722 (N.D. Ohio 2004).

**IV.**    **STANDARD OF REVIEW**

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed the instant § 2254 federal habeas corpus petition well after the AEDPA's effective date of April 26, 1996.  *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir.1997), *cert. denied*, 522 U.S. 1112 (1998).  Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28

10

U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000).  Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id.*  Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.*; *see also Bailey v. Mitchell*, 271 F.3d 652, 655–56 (6th Cir. 2001).

The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

A.      Decisions of lower federal courts may not be considered.

B.      Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.      The state court decision may be overturned only if:

      1.      It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal]; or

      2.      The state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent'; or

11

3.    'The state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case'; or

4.    The state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey*, 271 F.3d at 655–56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice."  *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986).  The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e).  The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact.  *Levine*, 986 F.2d at 1514.  The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the

12

witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**V.**   **ANALYSIS**

    **A.**   **Statute of Limitations**

In the motion to dismiss, Respondent asserts that Petitioner's habeas petition is barred by the one-year statute of limitations imposed by the AEDPA.  ECF Dkt. #5 at 6-7.  Respondent indicates that Petitioner's conviction became final upon the expiration of time for pursuing direct review of his conviction and sentence.  *Id.* at 6 (citing 28 U.S.C. § 2244(d)(1)(A)).  Continuing, Respondent states that Petitioner was sentenced in an entry filed on April 2, 2012, and did not appeal his conviction or sentence, thus becoming final on May 2, 2012, after the expiration of the thirty-day period allowed for seeking review under Ohio App. R. 4(A).  Respondent asserts that the one-year limitations period imposed by the AEDPA began running the following day, May 3, 2012, and expired one year later on May 3, 2013.  *Id.* at 6-7.

Next, Respondent claims that statutory tolling cannot render Petitioner's habeas petition timely as each of his post-conviction filings came after the one-year limitations period had already expired.  ECF Dkt. #5 at 7.  Specifically, Respondent notes that Petitioner's motion for judicial release and motion to correct his sentence, both filed long after the one-year limitations period had expired, do not provide statutory tolling to save Petitioner's habeas petition as the

limitations period had expired before Petitioner filed either motion. ECF Dkt. #5 at 7-8.

Respondent also claims that Petitioner is unable to establish that he is entitled to equitable tolling. ECF Dkt. #5 at 5-10. First, Respondent avers that Petitioner has not set forth any extraordinary circumstances that prevented him from seeking habeas relief and that all of his grounds for relief stem from his 2012 guilty plea, yet he inexplicably waited over four years to seek habeas relief. *Id.* at 9. Further, Respondent indicated that despite his assertion of claims of ineffective assistance of counsel, double jeopardy, and improper sentencing, Petitioner did not seek relief of any kind for over two years after sentencing. *Id.* Continuing, Respondent asserts that Petitioner is not entitled to equitable tolling for a showing of actual innocence as he has not alleged actual innocence or provided new evidence. Id. at 9-10.

Petitioner claims that his trial counsel informed him that he had no right to appeal, however, once Petitioner determined that he did have the right to appeal, he presented his constitutional claims to the trial court, appellate court, and Supreme Court of Ohio. ECF Dkt. #6 at 2. Next, Petitioner cites 28 U.S.C. § 2244(d)(1), which establishes when the one-year limitations period imposed by the AEDPA begins to run, but Petitioner does not explain how he believes the statute applies in his case beyond underlying the words "impediment" and "prevented" in 28 U.S.C. § 2244(d)(1)(B). *Id.* Petitioner also briefly states that a state habeas petition is considered to be pending during a full round of review in the state courts, but, likewise, does not explain how this applies to his case or renders his habeas petition timely. *Id.* at 2-3. After making these statements, Petitioner moves on to the merits of each ground for relief presented in his habeas petition. *Id.* at 3.

14

Petitioner's habeas petition is barred by the one-year statute of limitations imposed by the AEDPA.  *See* 28 U.S.C. § 2244(d)(1).  At the time Petitioner filed his motion for judicial release, over two years had passed since his guilty plea and sentencing.[3]  *See* ECF Dkt. #5-1 at 26-27, 29, 41.  Petitioner appears to raise the issue of statutory tolling insofar as he cites a case from the Supreme Court of the United States that he states stands for the proposition that a state habeas petition is considered to be pending during a full round of review in the state courts.  ECF Dkt. #6 at 2-3 (citing *Carey v. Saffold*, 536 U.S. 214, 222-24 (2002)).  However, Petitioner does not explain how this caselaw applies to his case, where he failed to even initiate appellate review or collateral review until over a year after the one-year limitations period to file his habeas petition had expired.

Equitable tolling is available where a petitioner can demonstrate: (1) that he had been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Petitioner does not claim that he is entitled to equitable tolling, as he makes no attempt to establish that he pursued his rights diligently or that some extraordinary circumstance stood in his way.  Further, Petitioner does not argue that he is entitled to equitable tolling because he is actually innocent.  *See Schlup v. Delo*, 513 U.S. 298 (1995).

Insofar as Petitioner's claim that his attorney told him that he had no right to an appeal may be construed as an attempt to assert that the statute of limitations had not started running

---

[3]Petitioner claims that he did not file the motion for judicial release, but rather the motion was filed erroneously by his attorney.  ECF Dkt. #6 at 3.  In any event, it is most favorable to Petitioner to consider the motion for judicial release to be his first filing as his motion to correct his sentence was not filed until September 20, 2015, and his notice of appeal to the state appellate court was not filed until November 2, 2015.  ECF Dkt. #5-1 at 46, 62.

15

until some later date or that he is entitled to some form of tolling, any such argument would be without merit.[4] Nowhere in the plea agreement does it indicate that Petitioner was forfeiting his right to an appeal, Petitioner indicated in his waiver of rights that he was satisfied with his legal representation, and, most importantly, Petitioner acknowledged that the trial court informed him of his right to appeal. ECF Dkt. #5-1 at 16-20, 23, 28. For these reasons, the undersigned recommends that the Court find that Petitioner's habeas petition is barred by the statute of limitations imposed by the AEDPA.

**B.** **Exhaustion, Fair Presentation, and Waiver**

Respondent also asserts that all grounds for relief presented in Petitioner's habeas petition have been procedurally defaulted due to his failure to exhaust each ground. ECF Dkt. #5 at 13-16. As Petitioner's habeas petition is clearly barred by the statute of limitations, the Court need not discuss whether the claims presented in the habeas petition are also subject to procedural default.

**VI.** **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned RECOMMENDS that the Court find that Petitioner's habeas petition is barred by the applicable statute of limitations, GRANT

---

[4]Petitioner does not present these arguments.

16

Respondent's motion to dismiss (ECF Dkt. #5), and DISMISS Petitioner's federal habeas petition

(ECF Dkt. #1) in its entirety with prejudice.


DATE: June 14, 2017                          /s/  *George J. Limbert*
                                             GEORGE J. LIMBERT
                                             UNITED STATES MAGISTRATE JUDGE


    ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of
Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to
file objections within the specified time WAIVES the right to appeal the Magistrate Judge's
recommendation. L.R. 72.3(b).