PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DONALD A. GAMMON, II, | ) |
| | ) CASE NO. 3:16CV2155 |
| Petitioner, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| CHARLOTTE JENKINS, Warden, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) [Resolving ECF Nos. 5 and 8] |

*Pro Se* Petitioner Donald A. Gammon, II, an Ohio prisoner at the Chillicothe Correctional Institution, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging three (3) grounds for relief which challenge the constitutional sufficiency of his conviction and sentence in Hardin County, Ohio Court of Common Pleas Case No. 20122054 CRI. The case was referred to Magistrate Judge George J. Limbert for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2.

After Respondent filed a Motion to Dismiss (ECF No. 5), the magistrate judge submitted a Report and Recommendation (ECF No. 7) on June 14, 2017 recommending that the motion be granted and the petition be dismissed as barred by 28 U.S.C. § 2244's statute of limitations. Petitioner filed timely Objections to the Magistrate Judge's Report (ECF No. 8). While Petitioner complains that the magistrate judge failed to address several of his arguments on the

(3:16CV2155)

merits, he neglects to lodge any specific objection to the magistrate judge's conclusion that his federal habeas petition is barred by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The Court, after reviewing the Objections, hereby adopts the Report and dismisses the Petition.

## I. Facts

In March 2012, Petitioner was charged by information with seven counts of sexual battery (Counts 1-5 and 7-8) and one count of disseminating matter harmful to juveniles (Count 6). Amended Information (ECF No. 5-1 at PageID #: 46-48). The parties reached a written plea bargain (ECF No. 5-1 at PageID #: 54-58), which does not provide that Petitioner was forfeiting his right to appeal. Petitioner also executed a Waiver of Rights and Plea of Guilty (ECF No. 5-1 at PageID #: 59-63) that provides, in pertinent part:

> . . . I understand I have a right to appeal a maximum sentence and have other limited appellate rights. Further, I understand that an appeal must be taken within 30 days of sentence; and likewise, I understand that I have the right to counsel on appeal and may have an attorney appointed for me if I cannot afford one.

ECF No. 5-1 at PageID #: 63. On March 30, 2012, the trial court found that Petitioner knowingly and voluntarily entered a guilty plea and accepted it. Judgment Entry of Guilty (ECF No. 5-1 at PageID #: 64-65). In addition, Petitioner executed a Notice and Acknowledgment of Rights of Appeal (ECF No. 5-1 at PageID #: 66). On April 2, 2012, the trial court sentenced Petitioner based on a "joint sentencing recommendation of the Parties" to two years, $50 fine, and court costs on each sexual battery count, and 12 months, $50 fine, and court costs for the disseminating matter harmful to juveniles count. *State v. Gammon*, No. 6-15-12, slip op. at 2 (Ohio App. 3rd Dist. March 14, 2016) (ECF No. 5-1 at PageID #: 148). All counts were to be served

2

(3:16CV2155)

consecutively for an aggregate sentence of 15 years, and $400 in fines. Entry of Sentence ([ECF No. 5-1 at PageID #: 67-76](#)).

Although Petitioner did not pursue a direct appeal, he did file a Motion/Request for Judicial Release ([ECF No. 5-1 at PageID #: 79-80](#)) in June 2014 and a Motion to Correct Sentence ([ECF No. 5-1 at PageID #: 84-88](#)) in September 2015.

On August 22, 2016, Petitioner filed the instant Petition for a Writ of Habeas Corpus ([ECF No. 1](#)).

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is *de novo*. [Fed. R. Civ. 72(b)(3)](#). A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*[Id.](#)*

Accordingly, this Court has conducted a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

## III. Law & Analysis

The AEDPA contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* [28 U.S.C. § 2244](#). The statute begins to run on the date the judgment became final, which occurred, as relevant here, at the conclusion of the expiration of the time for seeking direct review. [28 U.S.C. § 2244(d)(1)(A)](#).

3

(3:16CV2155)

Petitioner's judgment of conviction became final on May 2, 2012, when the time period expired to file a timely appeal. *See Worthy v. Warden, Chillicothe Corr. Inst.*, No. 2:12-CV-652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013) (citing *Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Marcum v. Lazaroff*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App. R. 4(A)). Under 28 U.S.C. § 2244(d)(1)(A), Petitioner had until May 3, 2013 – one year from May 2, 2012 – in which to file his federal habeas application. Although Petitioner filed post-conviction motions in 2014 and in 2015, the limitations period had already expired by then, and the motions did not revive or restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)). Therefore, the post-conviction motions filed by Petitioner would have no effect on the statutory tolling calculus.

Petitioner did not file the Petition (ECF No. 1) until August 22, 2016. Thus, absent equitable tolling or a credible showing of actual innocence, his application is time-barred. As noted in the Report, Petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. Moreover, he has not alleged actual innocence or provided new evidence. ECF No. 7 at PageID #: 228.

**IV. Conclusion**

After reviewing the pleadings, the briefing regarding the Motion to Dismiss, and the state court record, the Report and Recommendation (ECF No. 7) is hereby adopted, the Objections (ECF No. 8) are overruled, and the Motion to Dismiss (ECF No. 5) is granted. The Petition (ECF No. 1) will be dismissed as untimely.

(3:16CV2155)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

| August 3, 2017 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |